IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDDIE B. WALKER, # 159866, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:19cv252-WHA |
| ) | [WO] |
| PATRICE RICHIE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

This case is before the court on the April 9, 2019 Recommendation of the Magistrate Judge (Doc. # 4) and Petitioner's objection thereto (Doc. # 5).

Following an independent evaluation and *de novo* review of the file in this case, the court finds the objection to be without merit and due to be overruled.

Petitioner filed this § 2254 petition in March 2019 challenging his convictions for first-degree rape, first-degree sodomy, and first-degree kidnapping entered against him by the Circuit Court of Houston County in 2002. The Magistrate Judge recommended that Petitioner's § 2254 petition be dismissed for want of jurisdiction, because Petitioner filed a previous § 2254 petition, in July 2012, which was dismissed with prejudice as time-barred under AEDPA's limitation period, and Petitioner had not obtained permission from the Eleventh Circuit to file a successive habeas petition, as required by 28 U.S.C. § 2244(b)(3). *See* Doc. # 4 at 2–3.

Petitioner first objects to the Recommendation's statement that, by his § 2254

petition, Petitioner challenges his convictions for first-degree rape, first-degree sodomy, and first-degree kidnapping entered against him by the Circuit Court of Houston County in 2002. *See* Doc. # 5 at 2. Although this ground for objection is unclear, Petitioner appears to maintain that what he's really challenging by his petition is the denial of his right to an appeal when his counsel convinced him to withdraw his direct appeal. However, that direct appeal was from Petitioner's convictions for first-degree rape, first-degree sodomy, and first-degree kidnapping entered against him by the Circuit Court of Houston County in 2002. Petitioner's claim that he was denied his right to an appeal is plainly an attack on those convictions, and the ultimate purpose of his § 2254 petition is to obtain a reversal of those convictions.

Petitioner also takes exception to the Recommendation's characterization of his claim as one that he was deprived of his right to an appeal because his counsel "tricked" him into dismissing his direct appeal. *See* Doc. # 4 at 1. According to Petitioner, his real claim was that "duress was used by counsel, with the threat of life-without-parole review if the direct appeal was continued." Doc. # 5 at 4. In his petition, Petitioner asserts that his counsel "used trickery and duress to compel petitioner to dismiss his direct appeal." Doc. # 1 at 5. The court finds that the Petitioner's claim is adequately characterized in the Magistrates Judge's Recommendation. Further, the precise nature of Petitioner's argument

2

is immaterial to the question of whether his instant § 2254 petition is a second or successive attack on his 2002 Houston County convictions.

Petitioner next objects to the Recommendation's statement that the trial court sentenced him to 40 years in prison for each conviction, the terms to run consecutively. Doc. # 5 at 3. This court does not understand Petitioner's objection here, as the Petitioner himself states in his petition that he received "three consecutive 40 years sentences" for his convictions. Doc. # 1 at 1. The court finds nothing objectionable in the Recommendation's characterization of the sentence imposed against Petitioner.

Finally, Petitioner argues that summary dismissal of his petition under AEDPA's successive-petition bar "would only apply in a socialist 'situation-ethics dictator environment.'" Doc. # 5 at 5. This objection is frivolous. As the Magistrates Judge's Recommendation correctly finds, Petitioner's § 2254 petition is a second or successive attack on his 2002 Houston County convictions that was filed without the required appellate court authorization.

Accordingly, Petitioner's objection (Doc. # 5) is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge (Doc. # 4), and it is hereby ORDERED that the petition for writ of habeas corpus (Doc. # 1) is DISMISSED for lack of jurisdiction because Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court

of Appeals authorizing this court to consider his successive habeas application.

DONE this 24th day of May, 2019.

    /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNTIED STATE DISTRICT JUDGE